FILED

10:18 am, 1/8/15

Tim J. Ellis
Clerk of Court

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| RALPH GIFFORD and | ) | Case No. 09-21237 |
| BETTY J. GIFFORD, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| GARY A. BARNEY, Trustee, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | Adv. No. 10-2029 |
| | ) | |
| Bank of America, N.A., | ) | |
| successor by merger to | ) | |
| BAC Home Loan Servicing, L.P. | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION ON CROSS MOTIONS FOR SUMMARY JUDGMENT

These matters came before the court on the cross motions for summary judgment filed by the parties stemming from the Amended Complaint to Avoid and Recover Preferential Transfer or in the Alternative, Avoid Lien, filed by Gary A. Barney, Plaintiff/Trustee ("Trustee") and the answer filed by BAC Home Loans Servicing, L.P., ("BANA") its assigns and successors.[1] A telephonic hearing on the cross-motions for summary judgment was held on March 30, 2012. Subsequently, one issue was submitted

---

[1] On August 17, 2011, Defendant BAC Home Loans Servicing, L.P., filed a Notice of Merger and Name Change...reflecting that as of July 1, 2011, "BAC Home Loans Servicing LP merged into Bank of America, N.A. and is now known as Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP." The court's caption reflects this change.

to the Wyoming Supreme Court for consideration. This court determined that holding its decision on other pending matters in abeyance was judicially economical, as the matter involving Mortgage Electronic Registration System, Inc. ("MERS") was litigated in a separate case.[2]

The W.R.A.P. 11 Certified Question from the United States Bankruptcy Court for the District of Wyoming was entered by the Wyoming Supreme Court on May 8, 2013 and filed on this court's docket. The court, having reviewed the record, including the supplemental pleadings filed by the parties, is prepared to rule.

## Jurisdiction

The court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the definition of 28 U.S.C. § 157(a)(2)(F) and/or (K). The motion is brought under Fed. R. Civ. P. 56, made applicable in adversary proceedings by Fed. R. Bankr. P. 7056.[3]

## Facts

Mrs. Gifford executed a Note and Mortgage with Jackson State Bank for a loan in the amount of $438,400.00. The mortgage was recorded on February 1, 2006 in the

---

[2] This court entered its opinion and judgment in *Royal v. First Interstate Bank (In re Trierweiler)*, Case No. 10-20499, Ch. 7, Adv. No. 10-2035, (Bankr. Wyo., Nov. 21, 2011). The matter was subsequently appealed to the Tenth Circuit Bankruptcy Appellate Panel and Tenth Circuit Court of Appeals. *Royal v. First Interstate Bank (In re Trierweiler)*, 484 B.R. 783 (10th Cir. BAP, 2012), affirmed by *Royal v. First Interstate Bank (In re Trierweiler)*, 2013 U.S. App. LEXIS 12501 (10th Cir. Wyo., July 2, 2014). Thereafter, the Trustee argued that the facts in the case before this court were distinguishable making the Trierweiler opinion inapplicable to this case.

[3] Unless otherwise indicated all future statutory reference are to the United States Bankruptcy Code, 11 U.S.C. 101 *et seq*.

Sublette County Clerk's office, Pinedale, Wyoming, granting Jackson State Bank & Trust a security interest in the real property described as Tract 1 of the Mountain View Ranches, Sublette County, Wyoming (a.k.a. 49 Glacier Road).

The Mortgage reflects two endorsements: (1) from Jackson State Bank and Trust to "Countrywide Bank, N.A., without recourse; and (2) an endorsement in blank from Countrywide Bank N.A. Mrs. Gifford was given notice that the loan servicing would transfer from Jackson State Bank to Countrywide, effective March 1, 2006.

Jackson State Bank executed a Corporate Assignment of all its rights to MERS, which was also recorded in the Sublette County Clerk's office on February 13, 2006. It is uncontested that the MERS assignment does not reflect that MERS is an agent or "nominee." Thereafter, MERS assigned "all the rights, title and interest in and to" the Mortgage to BAC Home Loans Servicing, L.P. The assignment was filed with Sublette County Clerk's office on October 27, 2009.

Countrywide merged into BANA. Thereafter, on April 27, 2009, Countryside Home Loan Servicing became BAC Home Loan Servicing, LP. Pursuant to the affidavit of Teka Rezai, ReconTrust Company, N.A. was and is, the custodian of the Note, on behalf of both Countrywide Bank and Bank of America.

Dan McLaughlin, Vice President of MERS, through his affidavit explained that members of MERS appoint it to be the mortgagee in the county land records and hold the mortgage as nominee (agent) on the member's behalf. This is governed by the MERS

System Rules of Membership. MERS, through the Rules of Membership relies upon the instruction of the owner of the note and mortgage servicers. Mr. McLaughlin stated that during the time MERS was the mortgagee of record for the loan executed by Mrs. Gifford, from January 26, 2006 until October 21, 2009, it was acting as the nominee (or agent) on behalf of the owner of the loan.

The court held oral arguments on the cross-motions for summary judgment on March 20, 2012, and after the Tenth Circuit Court of Appeals entered its order in *Trierweiler*, held a status hearing. Thereafter the court requested the parties to file supplemental briefs.

**Discussion**

Trustee argues that on the date that Debtors filed for chapter 7 bankruptcy protection, the mortgagee of public record was not the owner of the Note. Trustee first argues that the lien is voidable under § 544 as the assignment from Jackson State Bank to MERS, does not designate MERS as a nominee or other agent, making MERS the mortgagee without qualification or condition. Therefore, when MERS subsequently assigned its right, title and interest in the mortgage to BAC did not effectively transfer the mortgage, therefore the mortgagee of public record on the date Debtors filed their bankruptcy petition was not the owner of the Note. Alternatively, the Trustee argues the MERS assignment is an avoidable preferential transfer. Trustee argues that either arguments prevents BANA from enforcing the mortgage, allowing the Trustee to avoid

the Mortgage and preserve it for the benefit of the bankruptcy estate.

The Trustee also argued that the recorded assignments of the Mortgage, first to MERS and then to BAC, did not identify with specificity the terms of the agency relationship between the holder of the Note and the Holder of the Mortgage, and therefore did not comply with Wyo. Stat. §§ 34-2-122 and 123. This court certified this question to the Wyoming Supreme Court ("WSC"), which answered in the negative, holding that the "Mortgage in this case was not required to comply with §§ 122 and 123 because: a) the recorded assignment of the Mortgage did not identify the grantee as acting in a representative capacity; and (b) there were no conflicting claims of a principal and agent from which a third party would need protection." The court finds this issue has now been determined.

BANA asserts that a judgment should be entered in its favor as a matter of law, as the mortgage between Mrs. Gifford and BANA is not a preferential transfer nor voidable by the Trustee.

A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim. The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file and any affidavits show that there is not a genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. The Court should determine what facts are not genuinely at issue by examining the pleadings and evidence before it. The Court should issue an order

specifying what facts, including items of damages or other relief, are not genuinely at issue.[4] Summary judgment is proper only if the evidence, reviewed in the light most favorable to the party opposing the motion, demonstrates no genuine issue of any material fact.[5] A material fact is one that could affect the outcome of the suit, and a genuine issue is one where the evidence is such that a reasonable jury could return a verdict for the nonmoving party.[6] The court views the evidence in light most favorable to the nonmoving party, but that party cannot rest on the mere allegations in its pleadings and must come forward with evidence to raise a genuine issue.[7]

The court finds that summary judgment is appropriate in this case.

(1)   Trustee's lien avoidance under §544.

This court held transfers of a note or a mortgage between lenders do not involve transfers of a debtor's property. Therefore, the Trustee does not have any interest to avoid under §544. This decision was affirmed by both the Tenth Circuit Bankruptcy Appellate Panel and the Tenth Circuit Court of Appeals in Trierweiler. In this case, the mortgage was executed by Mrs. Gifford and recorded in the Sublette County land records on February 1, 2006. Trustee does not argue nor present evidence that the mortgage was improperly recorded. The Trustee did not have any interest to avoid. The court finds in favor of BANA, under this argument.

---

[4] Fed. R. Civ. P. 56, made applicable by Fed. R. Bankr. P. 7056.

[5] *Frandsen v. Westinghouse Corp.*, 46 F.3d 975, 976 (10th Cir. 1995).

[6] *Farthing v. City of Shawnee, Kan.*, 39 F.3d 1131, 1134 (10th Cir. 1994).

[7] *Supra.*

(2) Preferential transfer under §547

As stated above, the transfer or assignment is not the transfer of the debtor's interest, therefore the court finds that there was not a preferential transfer. The assignments did not constitute transfers of Mrs. Gifford's interest. The court finds in favor of BANA.

Applicability of Wyoming Supreme Court decision regarding Wyo. Stat. 34-2-122 and 123.

The court finds the Wyoming Supreme Court's decision is specifically applicable to this case as the initial argument was presented to the Bankruptcy Court by the Trustee during the oral arguments regarding his motion for summary judgment, resulting in this court certifying the question to the Wyoming Supreme Court for determination under Wyoming Law. The Wyoming Supreme Court found against Trustee's argument.

In conclusion, the court grants summary judgment in favor of BANA and against the Trustee.

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

DATED this 2 day of January, 2015.

By the Court

HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

Service to:
James Belcher
Brad Hunsicker

Page 7